**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

ANEWBIS HARGROVE,
Individually and on behalf of
other similarly situated individuals, et al.,
            Plaintiffs,

v.                                                            ACTION NO. 2:11cv344

RYLA TELESERVICES, INC.,
            Defendant

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure by order of reference entered October 28, 2011, for a Report and Recommendation for the disposition of Plaintiff Anewbis Hargrove ("Hargrove") and other similarly situated individuals' ("Plaintiffs'") Motion for Conditional Class Certification and Judicial Notice (ECF No. 27). For the reasons stated herein, the undersigned recommends that Plaintiffs' motion be GRANTED. It is further recommended that the Court order a sixty-day notice period for the putative class members to opt-in and authorize Plaintiffs' counsel to send one reminder letter to these individuals if responses are not received by Plaintiffs within thirty days from the issuance of the original notice. Additionally, the undersigned recommends that the Defendant be ordered to provide Plaintiffs a list, in Excel format, of all persons employed by Defendant as customer service representatives in its Norfolk, Virginia call center for the previous three years, within five

1

days of receipt of the Court's order. The list should include the employee's name, last known address, telephone number, employment dates, employment location, last four digits of their social security number, and date of birth.

## I.     Factual and Procedural History

Plaintiffs, current or former employees of Defendant Ryla Teleservices, Inc.'s ("Defendant") Norfolk call center, filed their complaint on June 17, 2011. Compl., ECF No. 1. Plaintiffs allege that, in their roles as customer service representatives ("CSRs") for Defendant, they were not paid for some of their work activities or, on some occasions, were not paid promptly and in full on their regularly scheduled paydays, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.[1] Id. at ¶¶ 9, 18-19. In making these FLSA claims, Plaintiffs contend that they were required to boot-up their computers, review work-related e-mails and messages, and set up phone calls prior to the start of their shifts, but were not compensated for such pre-shift work. Id. at ¶¶ 10-11.

On September 21, 2011, Plaintiffs filed a Motion for Conditional Class Certification and Judicial Notice ("Pls.' Mot."), requesting permission to proceed collectively pursuant to Section 216(b) of FLSA.[2] ECF No. 27. Defendant filed a Response in Opposition ("Def.'s Opp.") to the motion on October 25, 2011.[3] On October 26, 2011, Plaintiffs filed their Reply in Further Support. ECF No. 43. Lead plaintiff Hargrove was deposed on October 5, 2011 (ECF No. 38,

---

[1] The Fair Labor Standards Act, 29 U.S.C. § 207, requires 1) that employers pay employees for all hours worked, 2) that employers pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per week, and 3) that employers pay employees promptly and in full of their regular paydays.

[2] To date, thirty-one other current or former employees of Defendant have joined Hargrove by filing consent forms with this Court. Pls.' Mot. 1.

[3] On September 23, 2011, Plaintiffs and Defendant filed a Consent Motion to Extend Time for Filing Responsive Briefs, allowing Defendant until October 26, 2011 to respond to Pls.' Mot. ECF No. 30.

Ex. A.), twelve declarations of similarly situated employees have been submitted to this Court (ECF No. 27-5, Exs. 1-12), and 161 pages of documents have been produced thus far in this case. ECF No. 54-1. Additionally, Defendant filed a Motion to Strike Portions of the Declaration of Hargrove on October 19, 2011 (ECF No. 36), which has been fully briefed (ECF No. 47-1, ECF No. 50).

On November 28, 2011, this Court heard oral argument on both Plaintiffs' Motion for Conditional Class Certification and Defendant's Motion to Strike. Joshua L. Jewett, Esq., James H. Kaster, Esq., and David E. Schlesinger, Esq., represented Plaintiffs. James J. Briody, Esq., and Thomas R. Bundy, Esq., represented Defendant. Rebecca L. Braley was the contract court reporter. Subsequently, on November 30, 2011, Defendant submitted a Motion for Leave to File a Letter to Correct the Record before the undersigned on Plaintiffs' oral argument. ECF No. 54. Attached to the motion was a letter, advising the Court of the document production thus far in the case. ECF No. 54-1. Plaintiffs filed their Opposition on December 1, 2011. ECF No. 56. In their Opposition, Plaintiffs stated that they did not oppose Defendant's motion or the filing of Defendant's letter, so long as Plaintiffs were also permitted to file a letter in response, which they too submitted as an attachment. ECF No. 56, ECF No. 56-1. In an Order dated December 20, 2011, this Court granted Defendant's Motion for Leave and stated that both Defendant's and Plaintiffs' letter would be taken into consideration. ECF No. 62.

After a review of the memoranda submitted by both parties, the applicable case and statutory law, and the oral arguments made at the motions hearing, the Defendant's Motion to Strike is DENIED, and the Court recommends that Plaintiffs' Motion for Conditional Class Certification be GRANTED.

## II.     Standard of Review

The FLSA permits a plaintiff to bring suit on his own behalf and on behalf of other employees similarly situated. 29 U.S.C. § 216(b). Under the FLSA, a district court may exercise its discretion and certify an action as a "collective action" where appropriate and facilitate notice of the suit to a putative class of potential plaintiffs. Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989). Unlike a Rule 23 class action, whereby plaintiffs are bound by the judgment unless they opt-out of the action, plaintiffs wishing to join an FLSA collective action are required to opt-in to the action by filing written consent to join the action with the district court. 29 U.S.C. § 216(b). Certification of a collective action is warranted where 1) there are 'similarly situated' individuals and 2) those individuals opt-in to the pending action. Choimbol v. Fairfield Resorts, Inc., 475 F. Supp. 2d 557 (E.D. Va. 2006).

Section 216(b) does not define similarly situated, and the Fourth Circuit has not enunciated a set standard for determining whether a class of plaintiffs is similarly situated for the purposes of FLSA. Choimbol, 475 F. Supp. 2d at 562. However, courts usually follow a two-step approach when deciding whether the named Plaintiffs are similarly situated for purposes of certifying the collective action. Purdham v. Fairfax Cnty. Pub. Sch., 629 F. Supp. 2d 544, 547 (E.D. Va. 2009). At the first stage, commonly called the "notice stage," the court decides whether to provide initial notice of the action to potential class members. Id. If the court decides to do so, it conditionally certifies the class, and the potential class members may then opt-in to the action. Id. This stage occurs before any, or most, discovery has been gathered, so the determination is made "using a fairly lenient standard." Choimbol, 475 F. Supp. 2d at 562 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)). This low standard has been interpreted as "requiring nothing more than substantial allegations that the putative class members were together victims of a single decision, policy, or plan." Choimbol,

475 F. Supp. at 562 (quoting Sperling v. Hoffman-La Roche, Inc., 118 F.R.D. 392, 400-02 (D.N.J. 1988), aff'd in part, 862 F.2d 439, 444 (3d Cir. 1988), aff'd, 494 U.S. 165 (1988)).

The court may aid this notice by allowing discovery of names and addresses of potential plaintiffs, by either allowing a notice for plaintiff's counsel to send to the potential plaintiffs, or "by some other appropriate action." De Asencio v. Tyson Foods, Inc., 130 F. Supp. 2d 660, 662 (5th Cir. 1995) (internal citations omitted).

The court only proceeds to stage two if, after conditional certification and notice, the defendant files a motion for decertification. Choimbol, 475 F. Supp. 2d at 563. This motion for decertification is generally made after discovery is complete if the defendant believes individual employees or groups of employees are not similarly situated. Id. Accordingly, at this second stage, courts apply a heightened, fact-specific standard to the "similarly situated" analysis, making factual findings as to whether the class is truly similarly situated. Id.; see also Purdham, 629 F. Supp. 2d at 547. If the court determines that the plaintiffs met their burden in establishing they are similarly situated, the collective action proceeds to trial. Choimbol, 475 F. Supp. 2d at 563. If the court determines the plaintiffs are not, in fact, similarly situated, the class is decertified and the original plaintiffs proceed on their individual claims. Id.

### III. Analysis

**Part (A): Parties' Positions**

Plaintiffs: Plaintiffs allege that Defendant engaged in a pattern of requiring off-the-clock work, making Plaintiffs the victims of a common plan or policy and qualifying them for conditional class certification under the guidance Choimbol provides. Pls.' Mot. 2. Plaintiffs assert six specific reasons as to why they are similarly situated for purposes of conditional class certification. Pls.' Mot. 2-9. First, they performed the same job duties. Id. at 9. Second, they all

5

worked in the same Norfolk call center. Id. Third, all Plaintiffs were subject to Defendant's performance metrics and would suffer if they were not logged into Defendant's phone and computer system at the start of their shifts. Id. Fourth, all Plaintiffs were required to perform various tasks before their shifts started. Id. Specifically, Defendant's management instructed Plaintiffs to arrive early and log in to the system in order to take calls immediately at the start of their shifts. Id. at 4. Fifth, all Plaintiffs were hourly wage earners and were scheduled to work 40-hour weeks. Id. at 10. Finally, Plaintiffs were frequently not paid on time. Id.

In further support of their Motion for Conditional Class Certification, Plaintiffs have submitted twelve employee declarations (ECF No. 27-5, Exs. 1-12), all of which contain essentially identical allegations, and the portions of Defendant's employee handbook pertaining to time records and payment procedures. ECF No. 27-4, Ex. C. The handbook abstract directs that time records, showing time actually worked, are recorded electronically on each CSR's computer. ECF No. 27-4 at 13. The records are based on the time when a CSR logs on and off Defendant's computer system. Id. Through the declarations submitted, Plaintiffs state they were told, in training, that failure to be logged into the phone system at the start of a shift would result in a deduction of pay. See, e.g., Hargrove Decl. ¶¶ 5-6, ECF No. 27-5. Plaintiffs assert their supervisors reinforced what was relayed to them in training, instructing Plaintiffs that performing these unpaid work tasks was required and part of the job. Compl. ¶ 13.

Plaintiffs argue they have met the minimal standard, outlined in Choimbol, for conditional class certification, as they have raised a "similar legal issue as to . . . nonpayment arising from at least a manageably similar factual situation with respect to their job requirements and pay provisions . . . ." Choimbol, 475 F. Supp. 2d at 563. Plaintiffs contend the evidence submitted and allegations made satisfy the lenient standard required to be met for the purposes of

conditional class certification. Pls.' Mot. 7, 9-11. Based on these "similar, if not identical" issues existing among the potential plaintiffs, Plaintiffs claim that this case is one in which the Court should use discretion in issuing judicial notice. Pls.' Mot. 13. Court-facilitated notice, they continue, will promote judicial efficiency, as one action will resolve all of the FLSA claims. Id. Further, as opposed to Rule 23 class action suits, the statute of limitations in FLSA collective actions continues to run on each individual claim until the individual files a consent form, opting in to the action. Id. Therefore, Plaintiffs request court-facilitated notice to preserve the claims of any other potential plaintiffs. Id.

Defendant: In their Opposition Motion, Defendant claims that, in light of Wal-Mart v. Dukes, 131 S. Ct. 2541 (2011), the aforementioned evidence submitted by Plaintiffs "barely scratches the surface" of the heightened evidentiary standard now in place for establishing employees are similarly situated for Section 216(b) collective actions. Def.'s Opp. 2. Defendant argues Plaintiffs are required to provide, at least, "significant evidence of a common policy" for conditional certification to be proper, rather than the light amount required by Choimbol. Id. at 14. The lack of a centralized, written policy requiring unpaid overtime, Defendant continues, will force the court to examine multiple individualized complaints, largely based on the decisions and requirements of each employee's supervisor. Def.'s Opp. 24-25. Defendant argues such a time-intensive process would frustrate the core efficiency principle of class actions, and lead to a result contrary to the emerging standard created by Dukes and its progeny. Id. at 29.

**Part (B): Proposed Findings**

    **1) *Dukes v. Wal-Mart*, 131 S. Ct. 2541 (2011), is Inapplicable to the Collective Action Analysis**

        **a) The *Dukes* Standard of Review Does Not Apply**

In their Opposition, Defendant relies heavily on <u>Dukes</u> to assert that courts considering certification in 216(b) cases "must make a more exacting examination of the record to determine if the putative plaintiffs are similarily situated, even at the conditional certification stage." Def.'s Opp. 2. At the motions hearing held before the undersigned on November 28, 2011, Defendant downgraded slightly their heavy reliance on <u>Dukes</u>, stating that the decision is not a "silver bullet" altering outright the standard for conditional class certification, but is instructive and appropriately applied to cases similar to the immediate one. Mot. Hrg. Defendant uses <u>Dukes</u> to contend that the standard of review for 216(b) collective actions is now changed. Def.'s Opp. 14, Mot. Hrg. The Court finds even Defendant's modified dependence on <u>Dukes</u> is misplaced and inapplicable to the instant case.

In <u>Dukes</u>, a group of female Wal-Mart employees brought a Title VII[4] action against their employer, alleging sex discrimination. <u>Dukes</u>, 131 S. Ct. 2541, 2554 (2011). Though the plaintiffs were initially granted Rule 23 class certification, the Supreme Court held that the evidence presented by the members of the putative class did not rise to a level of significant proof to show that Wal-Mart operated under a general policy of discrimination, as required to satisfy the Rule 23 commonality requirement. <u>Id.</u> at 2553-54.

As Plaintiffs emphasize, the aforementioned requirements for a collective action to proceed under Section 216(b) of the FLSA differ greatly from the Rule 23 class certification requirements at issue in <u>Dukes</u>. Pls.' Reply 5. That is, a party seeking Rule 23 certification must produce enough evidence to demonstrate 1) numerosity of the class, making joinder of all potential plaintiffs impracticable, 2) common questions of law or fact among these class

---

[4] Title VII of the Civil Rights Act of 1964 prohibits workplace harassment and discrimination. Title VII covers private employers, local and state governments, and educational institutions with 15 or more employees. It prohibits discrimination on the basis of race, color, sex, and national origin. 42 U.S.C. §§ 2000e et seq.

members, 3) an adequate representative for the class, whose claims or defenses are typical of the members, and 4) that a class action would be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(a)-(b). In contrast, the standard for a 216(b) collective action is initially very low, "requiring nothing more than substantial allegations that the putative class members were together victims of a single decision, policy, or plan." Choimbol, 475 F. Supp. 2d at 562 (quoting Sperling v. Hoffman-La Roche, Inc., 118 F.R.D. 392, 400-02 (D.N.J. 1988), aff'd in part, 862 F.2d 439, 444 (3d Cir. 1988), aff'd, 494 U.S. 165 (1988)). Simply put, a collective action under the FLSA differs significantly from a class action, making the two actions incomparable. McElmurry v. U.S. Bank Nat. Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007).

Defendant argues that Dukes is, at least, instructive for 216(b) actions, but the Court finds the argument unpersuasive, particularly at this stage of discovery. Though the differences have not been thoroughly examined in the Fourth Circuit, "sister circuits and district court in this circuit have followed the holding in LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975), which held that there is a *fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 216(b).*" Choimbol, 475 F. Supp. 2d at 562, n.6 (emphasis added). As Choimbol continues, and as this Court agrees, these two types of class actions are "mutually exclusive and irreconcilable." Id. Cases decided in the wake of Dukes have followed this same logic, refusing to apply Dukes' Rule 23 analysis to FLSA collective actions. See, e.g., Eddings v. Health Net, Inc., 2011 WL 4526675, at *1 (C.D. Cal. July 27, 2011) (holding that Dukes did not address collective actions under FLSA and therefore does not affect the analysis of conditional class certification); Ware v. T-Mobile USA, 2011 WL 5244396, at *6 (M.D. Tenn. Nov. 2, 2011) (finding that Dukes does not change the light burden

9

required for conditional class certification).

### b) *Dukes* Evidence Standard Therefore Does Not Apply

In Dukes, the Supreme Court found that the potential plaintiffs submitted insufficient evidence to show common questions of law or fact for class certification to be appropriate. Defendant asserts that Dukes is "instructive because Plaintiffs provide no credible evidence of an actual policy" requiring unpaid overtime. Def.'s Opp. 17.

The Dukes plaintiffs performed different job duties and submitted only "statistical evidence about pay and promotion disparities between men and women at the company, anecdotal reports of discrimination from about 120 of Wal-Mart's female employees, and the testimony of a sociologist . . . who conducted a 'social framework analysis' of the Wal-Mart's 'culture' and personnel practices, and concluded that the company was 'vulnerable' to gender discrimination." Dukes, 131 S. Ct. at 2549. The Dukes plaintiffs did submit 120 "affidavits reporting discrimination . . . [but only] about 1 for every 12,500 class members- relating to [merely] some 235 out of Wal-Mart's 3,400 stores." Id. at 2556.

The company structure and size of Defendant Ryla and alleged factual situation is drastically different from that of the Dukes case. That is, Plaintiffs' focus is on only Norfolk call centers, employing 700 people total. ECF No. 27-4, p. 24. Further, Plaintiffs have submitted twelve declarations, alleging that Plaintiffs performed the same types of jobs, worked in the same call center, and were subject to the same policies and procedures, in contrast to the aforementioned evidence submitted in Dukes. Pls.' Mot. 3-4.

Taking the Dukes logic to the end, the submissions by immediate Plaintiffs likely would pass muster if this case were to apply. Defendant fails to point out the Dukes Court's emphasis that, even for a Rule 23 class certification, all the evidence needs to show is a common question

of discrimination. Dukes, 131 S. Ct. at 2556. Based on the multitude of different jobs held by the Dukes plaintiffs, the size of Wal-Mart, and the many different regional policies the plaintiffs were subject to, the Supreme Court found that any common questions or discriminatory employment practices simply could not be found. Id. at 2557. None of the factors at issue in Dukes are present in the immediate case, making the Dukes logic inapplicable.

### 2) *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557 (E.D. Va. 2006), Analysis Applies

The Court disagrees with Defendant's assertion that Plaintiffs improperly rely on the guidance Choimbol provides for collective actions. Def.'s Opp. 22. Defendant has made no clear argument as to why Choimbol, a case decided in this Court, is no longer controlling law on the issue. In fact, the cases Defendant uses to allege that Dukes has changed the conditional certification standard, themselves, employ the analysis presented in Choimbol. Blaney v. Charlotte-Mecklenburg Hosp. Auth., 2011 U.S. Dist. LEXIS 105302, at *6-10 (W.D.N.C. Sept. 16, 2011); MacGregor v. Farmers Ins. Exch., 2011 U.S. Dist. LEXIS 80361, at *3-7 (D.S.C. July 6, 2011). Being much more in line factually with the instant case, and relied upon consistently by other courts making conditional class certification decisions, the standard of review espoused by Choimbol is the proper standard to apply in this case.

The Choimbol plaintiffs were recruited by a janitorial staffing company to perform janitorial services for defendant Fairfield. Choimbol, 474 F. Supp. 2d at 560. The plaintiffs alleged they were labeled as subcontractors, rather than employees, in order for Fairfield to avoid paying overtime as required by the FLSA. Id. As in this case, the plaintiffs submitted allegations and a complaint in support of their motion for class certification under Section 216(b) of the FLSA. Id. at 564-65. Similar to the arguments made by Defendant in the immediate case

(see infra), Fairfield alleged that these submissions did not provide the admissible factual support necessary for conditional certification. Id. at 563. In his opinion, Judge Jackson emphasized the modest factual showing required for collective actions. Id. at 564.

The Choimbol decision is far more in line with the factual situation, claims made, and procedural posture of this case than is Dukes. Moreover, the Choimbol principles, and accompanying low burden of evidence required, has consistently been employed by this Circuit for conditional certification of collective actions. See Blaney v. Charlotte-Mecklenburg Hosp. Auth., 2011 U.S. Dist. LEXIS 105302, at *6-10 (W.D.N.C. Sept. 16, 2011); MacGregor v. Farmers Ins. Exch., 2011 U.S. Dist. LEXIS 80361, at *3-7 (D.S.C. July 22, 2011); Syrja v. Westat, Inc., 756 F. Supp. 2d 682, 686 (D. Md. 2010); Pollard v. GPM Invs., LLC, 2010 WL 4103199, at *2 (E.D. Va. Oct. 18, 2010); Robinson v. Empire Equity Group, Inc., 2009 WL 4018560, at *2 (D. Md. Nov. 18, 2009); Andrade v. Aerotek, Inc., 2009 WL 2757099, at *1 (D. Md. Aug. 26, 2009); Houston v. URS Corp., 591 F. Supp. 2d 827, 831 (E.D. Va. 2008); Adams v. School Bd. of Hanover Cnty., 2008 WL 5070454, at *18 (E.D. Va. 2008).

For these reasons, the Court sees no reason to employ a different standard for conditional class certification.[5]

---

[5] Pursuant to this Court's December 20, 2011 Order (ECF No. 62), both Plaintiffs'(ECF No. 56-1) and Defendant's letters (ECF No. 54-1) regarding the motions hearing record, have been considered. Defendant and Plaintiffs acknowledge that 161 pages of material have been produced thus far. The procedural posture and the accompanying standard of review is not altered by this fact. The first stage of determining whether a class is similarly situated occurs before any, *or most*, discovery has been gathered." Choimbol, 475 F. Supp. 2d at 562 (emphasis added). In comparison to the forty detailed document requests made by Plaintiffs in the August 23, 2011 Request for Production (ECF No. 56-1, pp. 4-10), 161 pages is minimal. After considering both letters, the Court determines that the standard of review is unaffected.

The Court would also wishes to caution both parties that each letter appears to take the form of a surreply and surrebuttal, respectively, as additional arguments are contained with respect to conditional class certification. Pursuant to Local Rule 7(F)(1), leave of court is required for such submissions. These arguments, therefore, need not be addressed, but the Court feels it proper to reject Defendant's assertion that, based on the production of 161 pages, an "intermediate standard" of review, considering all discovery, must be applied. Def.'s Leave Reply 4, ECF No. 58. This intermediate standard of review, Defendant continues allows the court to determine whether "a sound basis

**3) Evidence Submitted and a Policy of Discrimination**

Defendant argues that cases from this Circuit, decided in the wake of Dukes, require more evidence of a *written* discriminatory policy to be put forth by potential plaintiffs at the conditional certification stage. Mot. Hrg., Def.'s Opp. 16-19. In light of the low burden required for FLSA conditional class certification under Choimbol, as well as the factual differences existing in the cases cited, Defendant's argument fails. The Court finds both that Plaintiffs have submitted enough evidence for certification at this stage and that evidence of a written policy of discrimination is not required for conditional class certification.

**a) Evidence Submitted is Sufficient under *Choimbol***

Defendant relies primarily upon Blaney v. Charlotte-Mecklenburg Hosp. Auth., 2011 U.S. Dist. LEXIS 105302 (W.D.N.C. Sept. 16, 2011) to make the argument that, even if Choimbol is the prevailing standard of review, insufficient evidence has been submitted by Plaintiffs for class certification to be proper. Blaney, 2011 U.S. Dist. LEXIS 105302, at *8; See also MacGregor v. Farmers Ins. Exch., 2011 U.S. Dist. LEXIS 80361 (D.S.C. July 13, 2011), at *10.[6]

In Blaney, the Court held that a group of 11,000 nurses, employed by a health care system comprised of 13 medical care facilities and 450 units, had not submitted sufficient evidence for conditional class certification. Blaney, 2011 U.S. Dist. LEXIS 105302, at *8.

---

exists for proceeding as a collective action while also considering all evidence available at the time." Id. Not only is this standard vague, courts have applied this standard only where there is "sufficient evidence on the record at the first stage to make clear that certification is not appropriate." Purdham v. Fairfax Cnty. Pub. Schools, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009). The Court feels it is inappropriate to apply this vague standard based on the small amount of document production thus far in this case.

[6] Notably, both of these cases employ the Choimbol standard as enunciated supra. Despite Defendant's argument that Blaney and MacGregor relied upon "the principles enunciated in Dukes" to deny conditional class certification (Def.'s Opp. 16), neither case directly uses the Dukes principles in analyzing the standard for conditional class certification. See Blaney, 2011 U.S. Dist. 105302, at *6-7, MacGregor, 2011 U.S. Dist. 80361, at *4-5.

Defendant cites Blaney for the proposition that a *written* policy of discrimination is required for conditional class certification, and to contend Plaintiffs' have submitted an insufficient amount of evidence thus far to proceed collectively. Def.'s Opp. 16, Mot. Hrg.

Despite Defendant's contentions, the Blaney Court plainly stated that, if plaintiffs had submitted "even modest factual support of any unwritten policy," showing that overtime violations were "not the product of happenstance or outlier instances of rogue behavior . . . but were themselves policies (albeit unwritten ones) implemented consistently," collective treatment may be appropriate. Blaney, 2001 U.S. Dist. LEXIS 105302, at *29. The Blaney plaintiffs submitted no admissable evidence in order to show such an unwritten policy.[7] Id. at *30. In the instant case, however, Plaintiffs' declarations each state that they were instructed, in training, that working overtime, unpaid, was an unwritten requirement of the job. See, e.g., Hargrove Decl. ¶ 5.

The submission of consistent employee declarations, like those in the instant case, has consistently been held as sufficient and admissible evidence of a policy to be considered for conditional class certification. Russell v. Ill. Bell Tel. Co., 575 F. Supp. 2d 930, 937 (N.D. Ill. 2008); Sherrill v. Sutherland Global Servs., Inc., 487 F. Supp. 2d 344, 349 (W.D.N.Y. 2007). In light of this fact and, even under the Blaney logic, the instant Plaintiffs have submitted "modest factual support" of an unwritten discriminatory policy, which is all that is required at this stage for conditional class certification. Blaney, 2011 U.S. Dist. LEXIS 105302, at *29.

### b) The Use of Individual Supervisors Does Not Defeat Evidence Submitted

---

[7] The Blaney plaintiffs submitted evidence that Defendant changed its policy, requiring overtime payment for lunchbreak interruptions, following the filing of suit. The court found this submission not only violated Fed. R. Evid. 407's exclusion of evidence of subsequent remedial measures, but merely solidified Defendant's contention that a written policy *requiring* compensation for overtime work was in place. Blaney, 2011 U.S. Dist. LEXIS 105302, at *30.

Defendant further emphasizes that, because Plaintiffs reported to individual supervisors, there is no common written policy requiring unpaid overtime work, but merely individual, wrongful decisions made by these supervisors to deny overtime compensation. Mot. Hrg., Def.'s Opp. 3. Defendant argues these individual actions show the *absence* of a common policy of discrimination. Id. Therefore, Defendant continues, the Court would be forced to make an individualized assessment of each supervisor, leading to an inefficient and time-intensive process directly in conflict with the purposes of conditional class certification. Def.'s Opp. 24-29. The Court rejects this argument.

As stated above, Courts have held that an unwritten policy of discrimination may violate the FLSA if affidavits show that overtime decisions, made by individual supervisors, were "not the product of happenstance or outlier instances of rogue behavior" but were themselves in keeping with company policies executed on a consistent basis. See MacGregor, 2011 U.S. Dist. LEXIS 80361, at *9. The declarations and complaint submitted by Plaintiffs uniformly allege that they were instructed in training of both the overtime requirements, and the adverse impact on their performance reviews if this overtime was not performed. Compl. ¶ 13, Hargrove Decl. ¶ 5. The submissions also consistently allege that supervisors were not only aware that Plaintiffs worked off-the-clock, but reinforced the lessons learned in training by explaining overtime was expected and part of the job. Compl. ¶ 13, Hargrove Decl. ¶ 8. Where plaintiffs have demonstrated a reasonable basis for their complaint by filing declarations, affidavits, and consent forms, as the Plaintiffs have done in the immediate case, collective actions are authorized and proper. Kerce v. West Telemarketing Corp., 575 F. Supp. 2d 1354, 1358 (S.D. Ga. 2008); Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218, 1242 (S.D. Ala. 2008).

The Court reiterates the low standard by which a motion for conditional class

certification must be judged. The pleadings and affidavits submitted plainly allege Defendant required unpaid overtime work by Plaintiffs. Simply because Defendant denies the existence of these policies "should not be conflated into a failure by Plaintiffs to identify a policy." Longcrier, 595 F. Supp. 2d at 1240. At this initial stage, all that must be determined is whether the potential plaintiffs may be similarly situated and raise a common question. Choimbol, 474 F. Supp. 2d 557, 562 (E.D. Va. 2006).

To the extent that further discovery reveals that any additional opt-in plaintiffs are too dissimilar, or that they are otherwise not similarly situated, Defendant may raise these issues via a motion to decertify the class following the close of discovery. Id. at 563. The Court refuses Defendant's invitation to, at this first stage, engage in resolving factual disputes, decide substantive issues going to the merits or the case, or make credibility determinations. Id. at 562-63. Such a process is irrelevant to the question of a Section 216(b) certification, and Defendant may take up these arguments at the close of discovery.

## IV. Recommendation

For the foregoing reasons, the Court recommends that Plaintiffs' Motion for Conditional Class Certification, pursuant to Section 216(b) of the FLSA be GRANTED. Further, the undersigned recommends that the Court order a sixty-day notice period for the putative class members to opt-in, and authorize Plaintiffs' counsel to send one reminder letter to these individuals if responses are not received by Plaintiffs within thirty days from the issuance of the original notice. Finally, the undersigned recommends that the Defendant should be ordered to provide Plaintiffs a list, in Excel format of all persons employed by Defendant as customer service representatives in its Norfolk, Virginia call center for the previous three years, within five days of receipt of the Court's order. The list should include employee's name, last known

address, telephone number, employment dates, employment location, last four digits of their social security number, and date of birth.

### V. Review Procedure

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

                                                              /s/
                                               Tommy E. Miller
                                    UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
January 3, 2012

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Joshua Lee Jewett, Esq.
Reid Hart Ervin, Esq.
Reid Ervin & Associates PC
999 Waterside Dr.
Suite 1835
Norfolk, VA 23510

David Einer Schlesinger, Esq.
James Harvey Kaster, Esq.
Sarah Weisss Steenhoek, Esq.
Nichols Kaster, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Allegra Jeanne Lawrence-Hardy, Esq.
Jennifer Nava Ide, Esq.
Sutherland Asbill & Brennan LLP
999 Peachtree Street NE
Atlanta, GA 30309

James John Briody, Esq.
Thomas Robinson Bundy, III, Esq.
Sutherland Asbill & Brennan LLP
1275 Penn Avenue, NW
Suite 800
Washington, DC 20004

Kimberly Maria Talley, Esq.
Theodora Oringher PC
10880 Wilsihire Blvd.
Suite 1700
Los Angeles, CA 90024

Todd Christopher Theodora, Esq.
Theodora Oringher PC
535 Anton Boulevard
Ninth Floor
Costa Mesa, CA 92626

Fernando Galindo, Clerk

By _____
Deputy Clerk
January _3_, 2012