IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **ANEWBIS HARGROVE,** *et al.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Case No. 2:1l-cv-00344-RBS-TEM |
| v. ) | |
| ) | |
| **RYLA TELESERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO SEAL

Defendant, Ryla Teleservices, Inc., has moved the Court to seal the Declaration of David E. Schlesinger in Support of the Parties' Joint Motion for Settlement Approval and its attached exhibits, as well as Plaintiff's Unopposed Motion for Attorney's Fees and Litigation Expenses and its accompanying papers. Plaintiff Anewbis Hargrove does not oppose Ryla's motion to seal. As discussed below, courts around the country regularly seal settlement papers in Fair Labor Standards ("FLSA") cases. Allowing the Parties to file their settlement agreement, settlement allocations, and motion for attorney's fees under seal would be especially appropriate here because (1) Ryla is engaged in multiple FLSA lawsuits that are being resolved simultaneously, (2) the documents at issue contain confidential information that could undermine pending settlements in those actions, (3) confidentiality is a key term of the Parties' proposed settlement

19526691.3

agreement, and (4) the documents at issue discuss Ryla's sensitive business information.

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff filed his Complaint on June 17, 2011, alleging that Ryla, a call-center company, violated the FLSA by failing to pay employees "for some or all of the time worked that occurred before and/or after their scheduled shift." (Complaint, ECF No. 1.) Ryla denied these allegations. (Answer, ECF No. 11.) On September 21, 2011, Plaintiff filed a Motion to Certify the Class, which Ryla opposed. (Motion to Certify the Class and Response in Opposition to Motion to Certify the Class, ECF Nos. 27, 29, 38.) Twice in February 2012, and again in April 2012, the Parties engaged the services of Michael Loeb, an experienced and well-recognized mediator with expertise in employment matters, in an effort to resolve the case. The Parties have now reached an agreement, which specifically states that its terms are to be treated as confidential.

The documents that Ryla has asked the Court to seal are the Declaration of David E. Schlesinger in Support of the Parties' Joint Motion for Settlement Approval (the "Schlesinger Approval Declaration") and its attached exhibits, as well as Plaintiffs' Unopposed Motion for Attorney's Fees and Litigation Expenses and its accompanying papers. The Schlesinger Approval Declaration includes three exhibits: Exhibits A is a copy of the Parties' confidential settlement

agreement; Exhibit B shows the allocation of settlement payments to individual plaintiffs under that agreement; and Exhibit C is a copy of the Confidential Notice of Settlement that was sent to opt-in plaintiffs.  Plaintiffs' Unopposed Motion for Attorney's Fees and Litigation Expenses is accompanied by the following: (1) a Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Attorney's Fees and Litigation Expenses, (2) the Declaration of David E. Schlesinger in Support of Plaintiffs' Unopposed Motion for Attorney's Fees and Litigation Expenses, and (3) a Proposed Order on Plaintiffs' Unopposed Motion for Attorney's Fees and Litigation Expenses.  Because these documents contain the confidential terms of the Parties' settlement agreement and relate to Ryla's sensitive business information, they should be sealed.

## II. ARGUMENT

FLSA settlements and releases require court approval.  *See, e.g.*, *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *8 (E.D. Va. Sept. 28, 2009) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)).  Although there is a presumption that judicial records in FLSA actions are public, "[t]he presumption of public access can be rebutted . . . 'if countervailing interests heavily outweigh the public interests in access.'"  *Baker v. Dolgencorp., Inc.*, 818 F. Supp. 2d 940, 944 (E.D. Va. 2011) (*quoting Rushford v. New Yorker Magazine Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)); *see also Citizens*

*First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (holding that the general presumption in favor of public access "can be overridden" by "the property and privacy interests of the litigants . . . if the latter interests predominate in the particular case" such that "there is good cause for sealing a part or the whole of the record").

Settlement agreements should be placed under seal when privacy is necessary to protect the parties' interest in confidentiality, conserve the secrecy of confidential business information, and encourage the settlement of dispute. As a result, despite the public's presumed interest in FLSA litigation, courts regularly place FLSA settlements and related documents under seal. *See, e.g.*, *Beasley v. GC Servs., LP*, No. 09-CV-1748, Order, ECF No. 196 (E.D. Mo. Oct. 4, 2011) (allowing parties to submit settlement agreement under seal in an FLSA collective action filed against a call-center company); *Rose v. Wildflower Bread Co.*, No. 09-CV-1348, 2011 U.S. Dist. LEXIS 69953, at *2 (D. Ariz. June 28, 2011) (allowing parties to file portion of settlement agreement under seal because it contained a financial breakdown of the settlement); *Dowling v. Emadco Disposal Serv.*, 2011 U.S. Dist. LEXIS 53351, at *3 (E.D. Cal. May 17, 2011) (allowing parties to file settlement-related documents under seal where the documents contained financial data); *Torres v. Total Facility Servs., LLC*, No. 10-CV-1831, Order, ECF No. 11 (N.D. Ga. Oct. 27, 2010) (approving FLSA settlement where parties submitted

agreement directly to the judge's chambers and did not file agreement publically); *Silvey v. Alfa Mutual Ins. Co.*, No. 09-CV-164, Order, ECF No. 26 (N.D. Ga. Sept. 8, 2010) (approving sealing of settlement agreement for 24 months); *Francis v. Metals (USA) Plates & Shapes Se., Inc.*, No. 07-CV-222, Order, ECF No. 32 (S.D. Ala. Aug. 20, 2007) (approving settlement agreement and placing agreement under seal where parties stated in their joint motion for approval of the settlement agreement that they mailed the "confidential settlement agreements and releases . . . to the Court under separate cover to preserve the confidentiality of the Agreements").

Here, the Court should grant Ryla's motion to seal for three reasons. First, Ryla is currently defending itself in multiple FLSA lawsuits involving similar allegations in other jurisdictions,[1] and although each of those actions is in the process of being resolved, they are at different stages of that process. Under similar circumstances, many courts have sealed settlement agreements to protect the parties' interests in confidentiality, prevent prejudice to the defendant, and encourage settlement. *See, e.g.*, *Tarver v. AT&T Mobility, LLC*, No. 11-CV-408, Order, ECF Doc. No. 20 (E.D. Va. Nov. 22, 2011) (allowing sealing of settlement

---

[1] *See Johnson v. Ryla Teleservices, Inc.*, No. 11-CV-4311 (N.D. Ga. filed Dec. 12, 2011); *Dickenson v. Ryla Teleservices, Inc.*, No. 11-CV-1208 (D. Colo. filed May 5, 2011); *Swarthout v. Ryla Teleservices, Inc.*, No. 11-CV-21 (N.D. Ind. filed Apr. 13, 2011); *Robinson v. Ryla Teleservices, Inc.*, No. 11-CV-131 (S.D. Ala. filed Mar. 15, 2011); *Shea v. Ryla Teleservices, Inc.*, No. 11-CV-626 (E.D. Cal. filed Apr. 19, 2011); *Slaughter-Cabbell v. Ryla Teleservices, Inc.*, No. 11-CV-202 (N.D. Ga. filed Jan. 21, 2011).

5

19526691.3

agreement where the defendant was defending multiple FLSA lawsuits around the country); *Hughes v. Verizon Services Organization, Inc.*, No. 11-CV-430, Order, ECF Doc. No. 40 (E.D. Va. Nov. 21, 2011) (reviewing FLSA collective action settlement agreement in camera); *In re Dollar General Stores FLSA Litigation*, 2011 WL 3703175, at *3 (E.D.N.C. Aug. 23, 2011) (sealing settlement papers for two years in FLSA actions that followed the decertification of a nationwide collective action).

Second, although Ryla and plaintiffs' counsel in each case have agreed that the parties' proposed settlement is fair and reasonable, the facts and settlement terms in each case — and, in particular, the settlement amounts — are not identical. These differences arise from the fact that the allegations and defenses in each jurisdiction vary with the facts specific to each call center. Granting Ryla's unopposed motion to seal will thus not only encourage settlement of the instant action but also prevent differences in the terms of one settlement agreement from affecting the likelihood of settlement in other jurisdictions.

Third, as noted above, the Parties have agreed that confidentiality is a key term in their settlement agreement, and the agreement contains a confidentiality clause. As in cases involving defendants facing multiple FLSA lawsuits, courts around the country have sealed FLSA settlement documents where the parties have agreed that the settlement should be kept confidential or have included a

6

19526691.3

confidentiality clause in the settlement agreement. *See, e.g.*, *Simmons v. Enter. Holdings, Inc.*, No. 10-CV-625, Order, ECF No. 148 (E.D. Mo. Dec. 2, 2011) (sealing settlement agreement of call-center FLSA claims where parties stated that they agreed to confidentiality of the settlement agreement and no alternative to sealing existed that would protect the confidential terms of the agreement); *Dowling*, 2011 U.S. Dist. LEXIS 53351, at *3 (allowing parties to file settlement-related documents under seal where "confidentiality in settlement was a key and material term of the parties'" agreement); *Gandhi v. Dell, Inc.*, No. 08-CV-248, Order, ECF No. 251 (W.D. Tex. May 26, 2011) (allowing parties to file settlement agreement under seal with no discussion as to weighing of public and private interests); *Benson v. Asurion, LLC*, No. 10-CV-526, Order, ECF No. 116 (M.D. Tenn. Apr. 21, 2011) (allowing parties to file settlement agreement under seal with no time limitation and no explanation as weighing of interests where parties made a motion requesting same and indicated only that the confidentiality was a key term of the agreement); *Dernovish v. AT&T Operations, Inc.*, No. 09-CV-15, Order, ECF No. 287 (W.D. Mo. Feb. 7, 2011) (conducting in camera review of settlement agreement and approving sealing of financial portion of settlement); *Bishop v. AT&T Corp.*, No. 08-CV-468, Settlement Agreement, ECF No. 251 (W.D. Pa. Nov. 9, 2010) (allowing parties to file settlement agreement under seal in a call-center case where 329 plaintiffs alleged FLSA violations and parties

19526691.3

simply submitted the proposed agreement under seal); *Fisher v. Mich. Bell Tel. Co.*, No. 09-CV-10802, Order, ECF No. 133 (E.D. Mich. Oct. 26, 2010) (allowing parties to file settlement agreement under seal in a call-center case where 438 plaintiffs alleged FLSA violations and parties stated that confidentiality was a key term of the settlement agreement); *Norman v. Dell, Inc.*, No. 07-CV-6028, Order, ECF No. 414 (D. Or. Sept. 30, 2009) (allowing parties to file settlement agreement under seal in a call-center case where parties agreed to three year look-back period); *Adair v. Wis. Bell, Inc.*, No. 08-CV-280, Order, ECF No. 48 (E.D. Wis. Jan. 30, 2009) (reviewing settlement agreement in camera and allowing parties to file agreement under seal in an FLSA call-center case); *Shabazz v. Asurion Ins. Servs.*, No. 07-CV-653, Order, ECF No. 143 (M.D. Tenn. Jan. 14, 2009) (allowing parties to file settlement agreement under seal where parties stated that confidentiality was a key term of the settlement agreement in the settlement of allegations of 251 call-center plaintiffs); *Clarke v. Convergys Customer Mgmt. Grp., Inc.*, No. 04-CV-3972, Order, ECF No. 70 (S.D. Tex. May 23, 2006) (approving settlement agreement wherein parties agreed that settlement document should be filed under seal).

     Finally, the inclusion of trade secrets or similarly sensitive business information in a document justifies granting a motion to seal that document. *See, e.g., Bright Imperial Ltd. v. RT MediaSolutions, S.R.O.*, No. 1:11-cv-935-LO-TRJ,

2012 U.S. Dist. LEXIS 70000, at *2 (E.D. Va. May 18, 2012) (granting several motions to seal on the ground that the documents at issue contained "confidential commercial or proprietary information"); *Holt v. Waffle House, Inc.*, No. 06-CV-00002, Order, ECF No. 238 (S.D. Ala. Nov. 16, 2007) (sealing an FLSA settlement agreement because it contained information about the Defendant's pay structure and employee incentive plan).  Here, discussing this sort of sensitive information (including Ryla's time-keeping methods, badge-swipe and security procedures, management structures, pay information, and other business practices and procedures) may be necessary to explain the formula used to calculate each individual plaintiff's award and the path to the Parties' compromise.  Because the settlement documents at issue here contain details related to sensitive business topics, they should be sealed to preserve the confidentiality of Ryla's sensitive business information.

### III.  CONCLUSION

Courts often allow the parties to file settlement agreements under seal in large, collective-action call-center cases like this case.  Filing under seal is particularly justified here because it will ensure that Ryla is not prejudiced in the other lawsuits it is defending and will encourage settlement in both this and those other cases.  Moreover, the Parties have articulated, within the settlement agreement, that the terms of the agreement are confidential and that confidentiality

9

is a key part of the agreement. And all individuals with an interest in this matter have received notice of the Parties' agreement and have had an opportunity to object to its terms. Finally, the Court should seal the documents at issue here to preserve the confidentiality of Ryla's sensitive business information. Ryla therefore requests that the Court seal the Schlesinger Approval Declaration and its attached exhibits, as well as Plaintiff's Unopposed Motion for Attorney's Fees and Litigation Expenses and its accompanying papers.

      Respectfully submitted this 25th day of October, 2012.

/s/ James J. Briody
James J. Briody
(Va. Bar No. 32128)
Thomas R. Bundy, III
(Md. Bar No. 15265)
*admitted pro hac vice*
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
jim.briody@sutherland.com
thomas.bundy@sutherland.com
Tel: (202) 383-0100
Fax: (202) 637-3593

&

[*signatures continue on following page*]

Allegra J. Lawrence-Hardy
(Ga. Bar No. 439797)
*admitted pro hac vice*
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309-3996
allegra.lawrence-hardy@sutherland.com

*Attorneys for Defendant Ryla Teleservices, Inc.*

11

19526691.3

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing **MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO SEAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

James H. Kaster
David E. Schlesinger
Nicholas Kaster, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
kaster@nka.com
schlesinger@nka.com

This 25th day of October, 2012.

/s/ James J. Briody
James J. Briody

19526691.3