**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

ANEWBIS HARGROVE,
Individually and on behalf of
other similarly situated individuals, et al.,

        Plaintiffs,

v.                                  ACTION NO. 2:11cv344

RYLA TELESERVICES, INC.,

        Defendant

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. This matter was referred to the undersigned United States Magistrate Judge by order dated November 12, 2012 (ECF No. 140), pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, for a Report and Recommendation on the disposition of the Defendant's Motion to Seal (ECF No. 120), the parties' Joint Motion for Approval of Settlement of Fair Labor Standards Act Collective Action (ECF No. 122), and Plaintiffs' Consent Motion for Attorneys' Fees and Litigation Expenses (ECF No. 126). Subsequent to the Referral Order, Defendant filed a Second Motion to Seal. ECF No. 142. The undersigned will address both of the sealing motions in this Report and Recommendation.

For the reasons stated herein, the undersigned recommends that the Joint Motion for Approval of Settlement of Fair Labor Standards Act Collective Action be GRANTED, Plaintiffs'

Consent Motion for Attorneys' Fees and Litigation Expenses be GRANTED, and Defendant's

Motions to Seal be DENIED.

## I.  Factual and Procedural History

The named plaintiff Anewbis Hargrove, filed a complaint on June 17, 2011, individually

and on behalf of other similarly situated individuals, against Defendant Ryla Teleservices, Inc..

Compl., ECF No. 1.[1] The Complaint alleges that customer service representatives in Defendant's

Norfolk call center were not paid for some of their work activities or, on at least one occasion,

were not paid promptly and in full on their regularly scheduled payday, in violation of the

FLSA.[2] *Id.* at ¶¶ 9, 18-19; Settlement Agreement ¶ 3 (ECF No. 134-1).

On February 13, 2012, Chief United States District Judge Rebecca Beach Smith granted

the Plaintiffs' Motion for Conditional Class Certification and Judicial Notice (ECF No. 27)

pursuant to Section 216(b) of the FLSA, and ordered a sixty-day notice period for the putative

class members to opt-in. ECF No. 74.  Including the named plaintiff Anewbis Hargrove, two-

hundred and thirty-nine (239) individuals opted into the case (collectively "Plaintiffs"). *See*

Mem. in Support of Jt. Mot. for Approval of Settlement of FLSA Collective Action ("Jt. Mot.

Mem.") 3, ECF No. 123.  On February 22-23, 2012, and April 11, 2012, the parties engaged in

mediation. *Id.* at 5.  Subsequently, the parties reached a settlement. *Id.*

The parties filed a Joint Motion for Approval of Settlement of Fair Labor Standards Act

Collective Action on October 26, 2012. ECF No. 122.  In addition, Plaintiffs filed a Consent

---

[1] This case is one of seven collective actions brought by Defendant's employees represented by the same counsel against Defendant. *See* Mem. In Support of Jt. Mot. For Approval of Settlement of FLSA Collective Action 3, ECF No. 123.

[2] The Fair Labor Standards Act, 29 U.S.C. § 207, requires 1) that employers pay employees for all hours worked, 2) that employers pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per week, and 3) that employers pay employees promptly and in full of their regular paydays.

Motion for Attorneys' Fees and Litigation Expenses on October 29, 2012 (ECF No. 126), and Defendant filed a Motion to Seal on October 25, 2012. ECF No. 120.  An opposition to the Motion to Seal was filed by a non-party, Timothy F. McGlone, on October 26, 2012 (ECF No. 125), and Defendant filed a response to the opposition on October 30, 2012. ECF No. 129.

On November 1, 2012, the undersigned held a hearing on the pending motions.  Joshua Jewett, Esq., and Matthew Morgan, Esq., represented Plaintiffs.  James Briody, Esq., represented Defendant, and Mr. McGlone appeared as an interested non-party.  The Official Court Reporter was Gloria Smith.  Following the hearing, on November 8, 2012, Defendant filed a Second Motion to Seal. ECF No. 143.

On March 13, 2013, the undersigned ordered Plaintiffs' counsel to file a supplemental declaration in support of Plaintiffs' Consent Motion for Attorneys' Fees and Costs, which was filed on March 27, 2013. Suppl. Schlesinger Decl., ECF No. 146.

## II.    Standards of Review and Analysis

### A.    Approval of Settlement of Fair Labor Standards Act Collective Action

The rights guaranteed by the FLSA "cannot be waived by private agreement between employer and employee." *Taylor v. Progress Energy, Inc.*, 415 F.3d 363, 374 (4th Cir. 2005), *op. reinstated on reh'g*, 493 F.3d 454 (2007), *cert. denied*, 554 U.S. 909 (2008).  Instead, FLSA claims may only be settled if supervised by the United States Department of Labor or approved by a court. *Id.*  Prior to approving the settlement, courts must "determine[ ] that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  When determining whether a

settlement is fair and reasonable, courts weigh a number of factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parson Brinckerhoff. Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at * 10 (E.D. Va. Sep. 28, 2009). Moreover, "[t]here is a 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." *Id.* at *10 (quoting *Camp v. Progressive Corp.*, No. Civ. A. 01-2680, Civ. A. 03-2507, 2004 WL 2149079, *5 (E.D. La. 2004)).

First, the parties have exchanged written discovery in this case, and Defendant took the deposition of the named plaintiff. Decl. of David E. Schlesinger in Support of Jt. Mot. for Approval of Settlement ("Schlesinger Approval Decl.") ¶ 2; ECF No. 134. This case is one of seven collective actions brought by Defendant's employees against Defendant, which allege Defendant failed to pay its call center workers for pre and post-shift work, and failed to pay them on time. Jt. Mot. Mem. 3. The same counsel represents the parties in all seven actions. *Id.* Therefore, a discussion of discovery conducted in the related cases is relevant to this settlement approval.

In addition to the discovery conducted in this case, counsel exchanged written discovery in the other six cases, and filed competing expert reports on economic damages. Schlesinger Approval Decl. ¶¶ 2-7. Counsel for Defendant took the depositions of 29 plaintiffs, as well as

plaintiffs' expert. *Id.* Counsel for Plaintiffs deposed nine individuals, including a Rule 30(b)(6) deposition of Ryla's corporate representative. *Id.* As a result, "it is clear that the [p]arties had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955, at *11 (quoting *A.H. Robins Co.*, 88 B.R. 755, 760 (E.D. Va. 1988)).

Second, the parties argue the complexity, expense, and likely duration of this litigation weighs in favor of finding the settlement is fair and reasonable. Jt. Mot. Mem. at 10. The parties have filed over nine substantive motions in the related cases (Schlesinger Approval Decl. ¶¶ 2-7), and 14 motions in the instant action, not counting pro hac vice motions or the four motions presently before the Court. Should the litigation have continued, the parties would have completed discovery, and Defendant would have moved for the class to be decertified. Jt. Mot. Mem. 10. Dispositive motions would have been filed on the following issues: (1) whether Defendant had knowledge of Plaintiffs' off-the-clock work, (2) whether Defendant willfully violated the FLSA, and (3) whether the amount of uncompensated activity performed by the Plaintiffs was *de minimis*. *Id.* The matter may have proceeded to a jury trial, with possible appeals and post-trial motions. *Id.* Consequently, "[t]hese proceedings [have] advanced to a stage sufficient to permit the [p]arties and their counsel to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *Lomascolo*, 2009 WL 3094955, at *11.

Third, "[t]here is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary," *Lomascolo*, 2009 WL 3094955, at *12, and no

evidence has been presented that the proposed Settlement Agreement is the product of fraud or collusion.

Fourth, the parties were represented by counsel experienced in handling wage and hour class and collective actions, with Plaintiffs' counsel specializing in FLSA off-the-clock call center cases. Schlesinger Attys. Fees Decl. ¶ 4, ECF No. 137; Suppl. Schlesinger Decl. ¶ 4 and Ex. E, ECF No. 146. Further, as evidenced by the pleadings, briefs, and oral argument in this case, counsel for both parties possess knowledge of the procedures in this court, the applicable law, and the factual basis for the claims and defenses necessary to provide competent legal advice to their respective clients.

Fifth, this case involves a *bona fide* dispute over FLSA provisions, with the potential of either side prevailing if litigation were to continue. Jt. Mot. Mem. at 9. Plaintiffs allege that, in their roles as customer service representatives for Defendant, they were not paid for some of their work activities performed before or after their shift, and on at least one occasion, were not paid promptly and in full on their regularly scheduled payday. Compl. ¶¶ 9, 18-19; Settlement Agreement ¶ 3. In making these FLSA claims, Plaintiffs contend that they were required to boot-up their computers, review work-related e-mails and messages, and set up phone calls prior to the start of their shifts, but were not compensated for such pre-shift work. Compl. ¶¶ 10-11.

Defendant asserts the following defenses: (1) Plaintiffs did not perform any compensable work for which they were not paid, because any pre or post-shift work performed by Plaintiffs was *de minimis* and thus not compensable; (2) Plaintiffs self-report their time and the alleged unpaid time at issue in this case was never reported to Defendant; (3) Defendant has an express policy prohibiting off-the-clock work, and made efforts to enhance understanding of this policy;

(5) Defendant's training requires accurate time reporting; (6) Plaintiffs were not paid late; (7) Defendant did not act willfully for purposes of liability under the FLSA; and (8) Plaintiffs are not similarly situated. Defendant's Answer and Affirmative Defenses, ECF No. 11; Settlement Agreement ¶ 6. Defendant also notes that the majority of Plaintiffs' claims are based on Plaintiffs' own retrospective estimates based on alleged memory, without accompanying documentation. Settlement Agreement ¶ 6.

Counsel and the parties conducted arms-length negotiations to settle the case. Settlement Agreement ¶¶ 12, 103. Settlement efforts included mediations on February 22-23 and April 11, 2012, in San Francisco, California, before an independent third-party mediator experienced in collective actions under the FLSA. Schlesinger Approval Decl. ¶ 8. The resulting settlement reflects that Plaintiffs face some difficult hurdles prior to gaining any recovery in this case. However, should Plaintiffs overcome those hurdles and prevail at trial, Defendant would be faced with paying monetary damages, as well as litigation fees and costs.

Lastly, the undersigned finds the amount of the settlement fair and reasonable considering the claims, defenses, and the potential recovery. The parties agreed to a settlement payment of $141,050.00 in full resolution of all claims. Settlement Agreement ¶ 38; Jt. Mot. Mem. 5-6. This includes claims for wages, liquidated damages, interest, attorneys' fees, costs, and litigation expenses. *Id.* If the settlement is approved, one-third of that amount, or forty-seven thousand, eleven dollars and ninety-seven cents ($47,011.97), will be paid to Plaintiffs' counsel for attorneys' fees. Mem. in Support of Consent Mot. for Attys' Fees and Litigation Expenses ("Attys' Fees Mem.") 1. In addition, counsel for Plaintiffs have requested reimbursement of $15,150.48 in costs and expenses. *Id.* The remaining award, of over $75,000,

comprises the Settlement Fund, which will be divided among the 239 opt-in plaintiffs making up the Settlement Class. Settlement Agreement ¶¶ 40, 46.

Each of the Settlement Class members' settlement amount was calculated by Plaintiffs' counsel according to a formula based on a week-by-week analysis of (1) overtime allegedly due using a uniform assumption of unpaid daily overtime for each Plaintiff, (2) available payroll data, and (3) dates of employment during the relevant time periods. Jt. Mot. Mem. 6; Settlement Agreement ¶ 46. The Settlement Fund allocations listed by Settlement Class member has been provided by Plaintiffs' counsel. ECF No. 134-2.[3] Following execution of the Settlement Agreement, Plaintiff's counsel sent the agreed upon settlement notices (ECF No. 134-3) to the Settlement Class on August 21, 2012. Schlesinger Approval Decl. ¶ 9. Of the 239 Settlement Class members, 194 filled out the paperwork to accept their settlement offer, and no Settlement Class member excluded themselves from the settlement. *Id.* ¶ 10.[4] Pursuant to the terms of the Settlement Agreement, the non-responding Settlement Class members are deemed to have accepted the settlement and will be receiving a settlement payment. Settlement Agreement ¶ 68; Jt. Mot. Mem. 7.[5]

"When a settlement agreement has been the subject of arm's-length bargaining, with class counsel in a position to evaluate accurately the chances of the class prevailing if the case went to trial and where no objections are raised by any of the affected parties, there is a strong

---

[3] The amounts reflected in the allocation will increase slightly due to the amended request for costs and expenses totaling $15,150.48. Suppl. Schlesinger Decl. Ex. C.

[4] Plaintiffs' counsel made at least seven contacts via e-mail, mail or telephone to each non-responding Settlement Class member to ensure a response to the Notices. Schlesinger Approval Decl. ¶ 9.

[5] Any settlement checks not cashed after the time periods set forth in the Settlement Agreement will be paid in equal amounts to two *cy pres* funds, the Public Justice Foundation and the Disabled American Veterans Charitable Service Trust. Settlement Agreement ¶¶ 52, 77.

presumption in favor of the settlement." *Houston v. URS Corp.*, 2009 WL 2474055, at *5 (E.D. Va. Aug. 7, 2009). In this case, experienced counsel negotiated the settlement at arms-length after enlisting the aid of an experienced independent third-party mediator. The settlement is reasonable in light of the evidentiary and legal hurdles facing Plaintiffs prior to obtaining any recovery.

Having weighed the *Lomascolo* factors, the undersigned recommends to the Chief United States District Judge that the settlement reached by the parties is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Accordingly, the undersigned recommends that the Joint Motion for Approval of Settlement of Fair Labor Standards Act Collective Action be GRANTED.

### B. Attorneys' Fees and Litigation Expenses

The Settlement Agreement provides that the total Settlement Amount agreed to by the Defendant shall be used to pay not only the court-approved settlement payments to Plaintiffs, but also "attorneys' fees, costs, and litigation expenses of Plaintiffs' Counsel, as awarded by the Court." Settlement Agreement ¶ 45. The Agreement further outlines that Plaintiffs will "move the Court for an award of attorneys' fees and expenses incurred in connection with the litigation of the Collective Action of $64,776.86," and "Defendant will not oppose this request." Settlement Agreement ¶ 78. The $64,776.86 consists of $47,011.97 in attorneys' fees and $17,764.89, later reduced to $15,150.48,[6] in "out-of-pocket costs spent on the prosecution of

---

[6] The amount of costs and expenses originally requested in the Consent Motion for Attorneys' Fees and Litigation Expenses, and contemplated by the Settlement Agreement, was $17,764.89. Jt. Mot. Mem. 1; Settlement Agreement ¶ 78. Subsequently, counsel requested that the Court subtract the local counsel fees incurred in this matter from the amount previously requested. Suppl. Schlesinger Decl. ¶ 2, Ex. D. Counsel then submitted an itemized list of costs and expenses for which they are seeking reimbursement, totaling $15,150.48. *Id.* Ex. C.

litigation and settlement administration." Attys' Fees Mem. 1; Suppl. Schlesinger Decl. ¶ 3, Ex. C.

Because "the FLSA contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs,' the FLSA 'requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09cv58, 2010 WL 1813497, at *1 (W.D.Va. May, 5 2010) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946), and *Silva v. Miller*, 307 F. Appx. 349, 351 (11th Cir. 2009)).  In calculating an attorneys' fee award, the Court must first determine the "lodestar" amount, which is a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008).  To assess reasonableness, the Court considers and weighs the twelve factors identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) as adopted by *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 & n.28 (4th Cir. 1978).[7] *See Jackson v. Estelle's Place, LLC*, 391 Fed. Appx. 239, 243 (4th Cir. 2010) (per curiam) (applying *Johnson* factors in the context of FLSA litigation); *Kennedy v. A Touch of Patience Shared Housing, Inc.*¸ 779 F. Supp. 2d 516, 525-26 (E.D. Va. 2011) (same).  However,

---

[7] The factors identified in *Johnson* are as follows: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Kennedy v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011) (citing *Barber*, 577 F.2d at 226 n.28).

"there is no strict manner in which the factors are to be considered and applied." *Trimper v. City of Norfolk, Va.*, 846 F. Supp. 1295, 1303 (E.D. Va. 1994), *aff'd*, 58 F.3d 68 (4th Cir. 1995). As part of the Settlement Agreement, Defendant agreed not to oppose Plaintiffs' counsel's motion for attorneys' fees and expenses. Settlement Agreement ¶ 78. Consequently, counsel's request is unopposed. Weighing the above factors, the undersigned finds the requested attorneys' fees of $47,011.97, and requested expenses of $15,150.48, to be reasonable.

First, Plaintiffs' counsel have submitted their attorneys' and staffs' hourly rates, along with a declaration and firm resume in support of their assertion that these rates are reasonable. Suppl. Schlesinger Decl. ¶¶ 4-5, Ex. A, Ex. E. The six attorneys have hourly rates ranging from $275 to $600, and their staff have an hourly rate of $175. Suppl. Schlesinger Decl. Ex. A. The undersigned finds these rates to be high compared to similarly situated attorneys in the Eastern District of Virginia. After a review of recent fee awards in FLSA cases in the Eastern District of Virginia, the undersigned recommends that the following reduced rates should be applied when calculating the lodestar: $350/hour for attorneys Jim Kastor and Matt Morgan; $250/hour for attorneys David Schlesinger, Sarah Steenhoek and Timothy Selander; and, $100/hour for their staff. *See Kennedy*, 779 F. Supp. 2d at 526 (Davis, J.) (finding attorneys' fees at the requested rate of $350/hour and paralegal fees at the requested rate of $100/hour to be reasonable in a FLSA case in this division)*; Walker v. Dovetails, Inc.,* Civ. No. 3:10cv526, 2010 WL 5878336, at *4 (E.D. Va. Nov. 30, 2010) (Dohnal, Mag. J.) (recommending an award of attorneys' fees in an FLSA case in the Richmond Division of this Court at the requested rate of $350/hour, but recommending a reduction of the requested rate of $100/hour for paralegal services to $60/hour); *adopted,* 2011 WL 744632 (E.D. Va. Feb. 24, 2011) (Hudson, J.); *Jackson v. Estelle Place, LLC,*

No. 1:08cv984, 2009 WL 1321506, at *2–3 (E.D. Va. May 8, 2009) (Brinkema, J.), *aff'd,* 391 Fed.Appx. 239 (4th Cir. 2010) (2–1 decision) (awarding a reduced rate of $350/hour for attorneys and $60/hour for a legal assistant in an FLSA case in the Alexandria Division of this Court, where plaintiff requested $410/hour for attorneys and $130/hour for a legal assistant); *Castel v. Advantis Real Estate Servs. Co.,* Civ. Action No. 2:07cv435, 2008 WL 3348774, at *4 (E.D. Va. Aug. 8, 2008) (Jackson, J.) (reducing requested rates of $350/hour for the same attorneys who appeared in *Jackson* and $120/hour for their legal assistants to $295/hour for attorneys and $110/hour for paralegals in a FLSA case in this division).

Counsel have spent over 230 hours on this case, including drafting pleadings, retaining local counsel, meeting with clients, preparing discovery, preparing and defending the named plaintiff's deposition, and preparing and attending hearings and mediation. *See generally* Suppl. Schlesinger Decl. Ex. B – Itemization of Attorneys' Fees. In addition, counsel's support staff has spent over 250 hours on this case, supporting the attorneys' work, drafting and reviewing documents and discovery, as well as communicating with clients. *Id.* The undersigned has reviewed the itemized attorneys' fees, and finds the hours itemized are reasonable.

Calculating the lodestar, using the reasonable rates recommended above and the reasonable number of hours expended by Plaintiffs' counsel and staff, results in a total fee

amount of $90,715.[8]  This amount is almost double the amount of attorneys' fees requested, $47,011.97, weighing in favor of a finding that the requested fees are reasonable.

The remaining relevant *Johnson* factors also support approval of the requested attorneys' fees.  The legal questions were not particularly novel.  However, counsel underwent a detailed factual inquiry to determine whether: (1) Plaintiffs worked off-the-clock without overtime compensation, or were paid late; (2) Defendant had actual or constructive knowledge of the work Plaintiffs alleged was uncompensated; (3) Plaintiff's allegedly uncompensated work was *de minimis*; (4) liquidated damages were appropriate; (5) Defendant's conduct was willful; and (6) collective certification was appropriate under the FLSA. *See* Attys' Fees Mem. 5.

Counsel's work has resulted in settlement payments for 239 plaintiffs who would likely have received nothing in the absence of counsel's efforts.  In addition, counsel took this case on a contingency fee arrangement, and took the risk of not recovering anything for their efforts after paying all costs necessary for bringing the litigation. Schlesinger Fees Decl. ¶ 2.  Lastly, the Notice of Settlement advised the class members of the one-third fee arrangement, and no class member objected to the fee arrangement. *Id.* ¶ 3.  Under these circumstances, there is no reason to believe the Settlement Fund awarded to the opt-in plaintiffs in this case was adversely affected

---

[8]

| Attorneys/ Staff | Hours | Rate/ Hour | Fee |
|---|---|---|---|
| Jim Kastor, Esq., and Matt Morgan, Esq. | 63.00 | $350 | $22,050 |
| David Schlesinger, Esq., Sara Steenhoeck, Esq., and Timothy Selander, Esq. | 174.46 | $250 | $43,615 |
| Staff | 250.50 | $100 | $25,050 |
| **Total** | | | **$90,715** |

by the agreed upon attorneys' fees of $47,011.97.

In addition, counsel for Plaintiffs has requested $15,150.48 for "out-of-pocket costs spent on the prosecution of litigation and settlement administration." Attys' Fees Mem. 1; Suppl. Schlesinger Decl. Ex. C – Itemization of Costs. Several items listed fall into categories traditionally awarded as costs, such as filing fees, pro hac vice fees, photocopy charges, charges for transcript copies, PACER fees, and postage. *Id.* These items total $3,506.35. *Id.* Counsel has also requested $643.62 for advertisements utilized to get the word out to potential opt-in plaintiffs, as well as $900 for Westlaw. *Id.* Next, the itemized list includes out-of-pocket costs related to mediation, including $798.10 in mediation services as well as $85.75 to pay one-half of a one night hotel stay for the mediator. *Id.* The remainder of the itemized list consists of expenses totaling $9,216.66, which are related to attorneys' travel, such as flights, rental cars, hotel rooms, parking, and meals. *Id.* As mediation led to a settlement of the case, saving Plaintiffs additional attorneys' fees, the undersigned recommends that these expenses, many of which are related to the mediation, are reasonable and should be approved.

The undersigned recommends that the Court approve reasonable costs in the amount of fifteen thousand, one hundred and fifty dollars and forty-eight cents ($15,150.48). Therefore, the undersigned recommends that the Consent Motion for Attorneys' Fees and Litigation Expenses be GRANTED.

## C.    Motions to Seal

The proposed Settlement Agreement entered into by the parties contains a confidentiality provision prohibiting the public disclosure of its terms. Settlement Agreement ¶¶ 93-96. Accordingly, Defendant filed a Motion to Seal the Settlement Agreement as well as those court

filings that reveal the confidential terms of the agreement. Motion to Seal at 1-2; ECF No. 120.[9]

When the parties to a FLSA settlement attempt to keep the settlement under seal, the Fourth Circuit requires the district court to give the public both notice and an opportunity to challenge any decision to keep the agreement confidential. *See Baker v. Dolgencorp, Inc.*, 818 F. Supp. 2d 940, 942 (E.D. Va. 2011) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 234-35 (4th Cir. 1984) (holding the district court erred in closing the courtroom in a criminal case and sealing documents without first giving the public notice and an opportunity to be heard); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988) (extending *Knight* requirements to civil cases); *Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603, 609 (E.D. Va. 1999) (applying *Knight* requirements where parties moved to keep FLSA settlement under seal)). In this case, an opposition to the Motion to Seal was filed by a non-party member of the press, Timothy F. McGlone, and Defendant responded to the opposition. Subsequently, a public hearing was held on the settlement approval and motion to seal the settlement. In addition to counsel for the parties, Mr. McGlone appeared as an interested non-party.

During the hearing on Defendant's Motion to Seal, the undersigned asked counsel whether it was necessary to seal the settlement documents in their entirety, or whether Defendant's concerns regarding confidentiality could be assuaged by redacting confidential information from the documents. As a result, Defendant filed a Second Motion to Seal requesting that, in the event the Court did not grant Defendant's first Motion to Seal the

---

[9] Defendant is asking that the following documents remain under seal: (1) Declaration of David E. Schlesinger in Support of the Parties' Joint Motion for Settlement Approval (ECF No. 134) with three attached exhibits, Exhibit A – Settlement Agreement (ECF No. 134-1), Exhibit B – Allocation of Settlement Payments to Individual Plaintiffs (ECF No. 134-2), and Exhibit C – Notice of Settlement sent to opt-in Plaintiffs (ECF No. 134-3); Plaintiffs' Consent Motion for Attorneys' Fees and Litigation Expenses (ECF No. 135); Memorandum of Law in Support of Plaintiffs' Consent Motion for Attorneys' Fees and Litigation Expenses (ECF No. 136); and Declaration of David E. Schlesinger in Support of Plaintiffs' Consent Motion for Attorneys' Fees and Litigation Expenses (ECF No. 137).

Settlement Agreement and related documents, the Court seal "selected portions of these documents that contain particularly sensitive information about the amount of the Parties' proposed settlement." Second Motion to Seal 1; ECF No. 143.

While parties are typically permitted to enter into confidential settlement agreements, such agreements are private contracts not filed with the court or made a part of the public record. Settlement agreements reached in FLSA cases, on the other hand, are not private as the federal courts are responsible for ensuring the fairness of such settlements. *Baker*, 818 F. Supp. 2d at 943. Consequently, a proposed FLSA settlement agreement submitted to the court for approval becomes a judicial record, triggering the common law right of public access. *Id.* In other words, the public has an interest in ensuring that when the Court approves a FLSA settlement, the statute's terms and purposes are not frustrated by private agreements. *Id.*

This presumption of public access to judicial records can only be rebutted "if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Factors courts consider when determining whether to seal a record or allow public access include, "whether the records are sought for improper purposes such as promoting public scandals or gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Knight*, 743 F.2d at 235 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).

Here, Defendant has asserted the proposed Settlement Agreement and related documents should be sealed because: (1) Defendant is engaged in multiple FLSA lawsuits that are being resolved simultaneously and the documents at issue contain confidential information that could

undermine pending settlements in those actions, and (2) confidentiality is a key term of the proposed Settlement Agreement. Mem. in Support of Unopposed Mot. to Seal ("Mot. to Seal Mem.") 1-2; ECF No. 121.[10]

With respect to the first argument, Defendant asserts it is currently defending six similar lawsuits in other jurisdictions, all at different stages of being resolved.[11] *Id.* at 6. In the Joint Motion for Approval of the Settlement, the parties indicated they had reached a settlement in "this and the other cases." Jt. Mot. Mem. at 5. Defendant contends the facts, settlement terms, and settlement amounts differ in each case, because "the allegations and defenses in each jurisdiction vary with the facts specific to each call center." Mot. to Seal Mem. at 6. Defendant voiced concern that if the settlement terms in this case are not sealed, "potential and actual plaintiffs could make under-informed comparisons and incorrect assumptions about the value of their respective settlement offers." Mem. in Support of Second Unopposed Mot. to Seal ("Second Mot. to Seal Mem.") 4; ECF No. 143.

Defendant's argument that keeping this settlement confidential is necessary to ensure there is no disruption to the settlements reached in the other six cases, does not present a

---

[10] In Defendant's memorandum in support of the first Motion to Seal, Defendant lists another reason for sealing, that "the documents at issue discuss Defendant's sensitive business information." Motion to Seal Mem. 2. Defendant describes the sensitive information as Defendant's "time-keeping methods, badge-swipe and security procedures, management structures, pay information, and other business practices and procedures." *Id.* at 9. In reviewing the documents at issue in this case, the Court has not encountered any of Defendant's sensitive business information. In Defendant's memorandum in support of the second Motion to Seal, Defendant does not request the redaction of any sensitive business information, rather only requests redaction of the amount of the settlement, the individual settlement payments, the attorneys' fees, and the costs. Mem. in Support of Second Unopposed Mot. to Seal 4; ECF No. 143. Therefore, the Court assumes Defendant intends to drop as an argument for sealing that the documents contain sensitive business information.

[11] *See Johnson v. Ryla Teleservices, Inc.*, No. 11-cv-4311 (N.D. Ga. filed Dec. 12, 2011); *Dickenson v. Ryla Teleservices, Inc.*, No. 11-cv-01208 (D. Colo. filed May 5, 2011); *Swarthout v. Ryla Teleservices, Inc.*, No. 11-cv-21 (N.D. Ind. filed Apr. 13, 2011); *Robinson v. Ryla Teleservices, Inc.*, No. 11-cv-131 (S.D. Ala. filed Mar. 15, 2011); *Shea v. Ryla Teleservices, Inc.*, No. 11-cv-626 (E.D. Cal. filed Apr. 19, 2011); *Slughter-Cabbell v. Ryla Teleservices, Inc.*, No. 11-cv-202 (N.D. Ga. filed Jan. 21, 2011).

countervailing interest sufficient to outweigh the public interest in access to the settlement terms. *See Baker*, 818 F. Supp. 2d at 944 (finding the argument that unsealing settlement would hinder negotiations in related cases was insufficient to establish a countervailing interest necessitating sealing); *see also Miles v. Ruby Tuesday, Inc.*, 799 F. Supp. 2d 618, 622-23 (E.D. Va. 2011) (discussing the public's interest in access to all FLSA settlements regardless of publicity). Defendant acknowledges the facts relevant to the settlement negotiations vary with respect to each call center. Mot. to Seal Mem. at 6. Certainly, those distinguishing circumstances surrounding Defendant's Norfolk, Virginia call center can be explained to the plaintiffs in the remaining suits to assure they do not make "under-informed comparisons" or "incorrect assumptions" regarding settlement in their cases. Consequently, the potential for confusion in the related cases does not warrant sealing of the settlement terms in this case.

Next, Defendant notes the parties have agreed that confidentiality is a key term in the proposed Settlement Agreement. Mot. to Seal Mem. at 6. Section XVI of the Settlement Agreement is entitled "Confidentiality," and states, "the terms and conditions of this Agreement are strictly and shall forever remain confidential." Settlement Agreement ¶ 93. The Agreement also dictates, "[t]he Parties and their counsel agree that any person or entity to which this Paragraph permits disclosure will be advised of this confidentiality provision and directed to maintain this Agreement and its terms in confidence and not to further disclose it." *Id.* However, the Agreement further provides,

> Even if the terms of the Settlement are available to the public by PACER or similar means, Plaintiffs expressly agree not to (i) disclose or state the terms of settlement contained in this Agreement to any individuals employed by Defendant or who worked for Defendant within the Calculation Period; (ii) advertise or otherwise broadcast through mass media (i.e., website posting,

> Facebook, Twitter, text messages, mass email, or similar social
> networking or public media outlets); or (iii) issue press releases
> regarding the terms of settlement contained in this Agreement.

Settlement Agreement ¶ 93c. Therefore, even though the Agreement requires the parties, counsel and any third-parties provided with the terms of the settlement to keep the terms confidential, it also provides guidelines in the event the Court denies the motions to seal. Under these circumstances, the undersigned does not find that the parties' interest in negotiating a confidential settlement outweighs the public's interest in access to the settlement. *See Miles*, 799 F. Supp. 2d at 624 (holding the parties' agreement to preserve the confidentiality of the settlement agreement, "while relevant, cannot trump or outweigh the strong interest in public access to court proceedings"); *Baker*, 818 F. Supp. 2d at 944-45 (declining to seal settlement agreements where the settlements were not conditioned upon the Court's sealing the agreements and neither party moved to void the agreements if the Court declined to seal them). Should the Court ultimately adopt this recommendation and deny Defendant's motions to seal, this should not affect the parties' agreement with regard to confidentiality.

The parties have not overcome their burden of identifying countervailing interests, which "heavily outweigh the public interests in access" to the settlement terms. *Rushford*, 846 F.2d at 253. Accordingly, the undersigned recommends that Defendant's Motions to Seal be DENIED.

### III.     Recommendation

For the foregoing reasons, the undersigned recommends that the Joint Motion for Approval of Settlement of Fair Labor Standards Act Collective Action (ECF No. 122) be GRANTED. The undersigned further recommends that Plaintiffs' Consent Motion for Attorneys' Fees and Litigation Expenses (ECF No. 126) be GRANTED. Lastly, the undersigned

recommends that Defendant's Motions to Seal (ECF Nos. 120, 142) be DENIED. The undersigned DIRECTS that this Report and Recommendation as well as the documents currently filed under seal remain sealed until the Chief United States District Judge enters a final ruling on the Motions to Seal.

## IV.     <u>Review Procedure</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr*

*v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).

_____/s/_____
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 12, 2013

<u>**CLERK'S MAILING CERTIFICATE**</u>

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Joshua Lee Jewett, Esq.
Reid Hart Ervin, Esq.
Reid Ervin & Associates PC
999 Waterside Dr.
Suite 1835
Norfolk, VA 23510

David Einer Schlesinger, Esq.
James Harvey Kaster, Esq.
Sarah Weisss Steenhoek, Esq.
Nichols Kaster, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Allegra Jeanne Lawrence-Hardy, Esq.
Jennifer Nava Ide, Esq.
Sutherland Asbill & Brennan LLP
999 Peachtree Street NE
Atlanta, GA 30309

James John Briody, Esq.
Thomas Robinson Bundy, III, Esq.
Sutherland Asbill & Brennan LLP
1275 Penn Avenue, NW
Suite 800
Washington, DC 20004

Kimberly Maria Talley, Esq.
Theodora Oringher PC
10880 Wilsihire Blvd.
Suite 1700
Los Angeles, CA 90024

Todd Christopher Theodora, Esq.
Theodora Oringher PC
535 Anton Boulevard
Ninth Floor
Costa Mesa, CA 92626

Fernando Galindo, Clerk

By _____
          Deputy Clerk
     April ____, 2013